**John W. TRACY and Audrey Tracy, his wife, Respondents,**

**v.**

**Clarence L. ZAHNER, as Personal Representative of the Estate of Clara C. Kromann, Deceased, Appellant.**

**No. 52407.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

Dec. 8, 1987.

Francis Toohey, Jr., Toohey & Moore, Perryville, for appellant.

Kenneth L. Waldron, Jackson, for respondents.

CRIST, Judge.

Respondents (plaintiffs) obtained a money judgment against Clarence L. Zahner, Administrator of the Estate of Clara C. Kromann, deceased, for failure to release a deed of trust. We affirm.

The record shows:

6/18/77—Plaintiffs executed a note and deed of trust in favor of Clara C. Kromann (decedent).

12/26/79—Decedent executed a power of attorney to Clarence L. Zahner, *et ux.*

3/14/81—Plaintiffs tendered payment of the note with two money orders payable to decedent.

9/22/83—Decedent was found to be incompetent and a guardian appointed.

2/14/84—Money orders were again tendered in payment of the note with request for release of the deed of trust.

3/23/84—Plaintiffs filed suit against Estate of Clara C. Kromann, Incompetent, Clarence L. Zahner, Guardian, for failure to release the deed of trust.

4/17/84—First amended petition was filed, adding Clarence L. Zahner, individually, as a party.

5/21/84—Tender of costs by plaintiffs.

12/5/84—Clarence L. Zahner was appointed Administrator of the Estate of Clara C. Kromann, deceased.

1/8/85—Plaintiffs filed a claim against Estate of Clara C. Kromann, deceased, for failure to release the deed of trust.

1/22/85—Second amended petition was filed, adding Estate of Clara C. Kromann, deceased, and Clarence L. Zahner, Personal Representative, as parties.

11/5/86—Deed of trust still not released and money judgment entered *only* against Clarence L. Zahner as Personal Representative of the Estate of Clara C. Kromann, deceased, as per §§ 443.130 and 443.170, RSMo 1986, as follows: $600 damages, $9,397.60 attorney fees and for $338.60 costs.

Estate asserts the trial court erred in (1) admitting testimony to prove up § 443.170, RSMo 1986; (2) assessing attorney fees for services performed prior to the time of the appointment of the personal representative; and (3) finding proper tender.

█ Failure to plead § 443.170 was not error where the pleadings and proof show a violation of § 443.130. The assessment of attorney fees performed prior to the appointment of the personal representative was proper where the very essence of the lawsuit was the failure of Clara Kromann to release the deed of trust during her lifetime. § 443.130, RSMo 1986. There was a sufficient tender and attempts to tender over a period of years.

The judgment of the trial court is supported by substantial evidence and is not against the weight of the evidence. No error of law appears and an extended opinion would have no precedential value.

Judgment affirmed in accordance with Rule 84.16(b).

DOWD, P.J., and CRANDALL, J., concur.